OPINION
This is an expedited appeal by appellant, Andrew Zukowski, from the June 21, 2001 judgment of the Franklin County Probate Court overruling objections to the May 23, 2001 magistrate's decision committing Mr. Zukowski to hospitalization under the authority of R.C. 5122.01(B)(4). Mr. Zukowski has also requested that this court stay the judgment of the trial court pending appeal. For the reasons that follow, we affirm the judgment of the probate court and find appellant's motion for stay is rendered moot.
R.C. 5122.01 defines mental illness as "a substantial disorder of thought, mood, perception, orientation, or memory that grossly impairs judgment, behavior, capacity to recognize reality, or ability to meet the ordinary demands of life." Furthermore, according to R.C. 5122.01:
 (B) "Mentally ill person subject to hospitalization by court order" means a mentally ill person who, because of the person's illness:
 (1) Represents a substantial risk of physical harm to self as manifested by evidence of threats of, or attempts at, suicide or serious self-inflicted bodily harm;
 (2) Represents a substantial risk of physical harm to others as manifested by evidence of recent homicidal or other violent behavior, evidence of recent threats that place another in reasonable fear of violent behavior and serious physical harm, or other evidence of present dangerousness;
 (3) Represents a substantial and immediate risk of serious physical impairment or injury to self as manifested by evidence that the person is unable to provide for and is not providing for the person's basic physical needs because of the person's mental illness and that appropriate provision for those needs cannot be made immediately available in the community; or
 (4) Would benefit from treatment in a hospital for his mental illness and is in need of such treatment as manifested by evidence of behavior that creates a grave and imminent risk to substantial rights of others or himself. [Emphasis added.]
Here, the probate court found that appellant met the criteria of R.C.5122.01(B)(4).
In applying the relevant statutory law, we note that the trial court is subject to the clear and convincing evidence standard. "Clear and convincing evidence" is:
 "That measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." [In re Mental Illness of Thomas (1996), 108 Ohio App.3d 697, 700, quoting Cincinnati Bar Assn. v. Massengale (1991), 58 Ohio St.3d 121, 122.]
In reviewing a matter under this standard, a reviewing court must examine the record to determine whether there was sufficient evidence before the trier of fact to satisfy the degree of proof. In re Mental Illness of Thomas, supra, at 700. However, an appellate court may not substitute its own judgment for that of the trial court where the trial court's determination is supported by competent, credible evidence. Id.
In his single assignment of error, appellant argues that the probate court erred in determining that there was clear and convincing evidence that he was mentally ill and subject to hospitalization pursuant to R.C.5122.01. In support of this argument, appellant points to selected portions of the testimony of psychiatrist John G. Randall, M.D., who testified at the commitment hearing before the magistrate that:
 [C]ontinued hospitalization in itself is not going to effectively resolve the problem[.] [Tr. 20.]
 The best resolution probably would be for him to leave the community and resume his life[.] [Tr. 26.]
 Moving from the community, this community, perhaps would be quite helpful in relieving his immediate problems[.] [Tr. 21.]
 This type of mental disorder is really unresponsive to any known treatment in terms of resolution, counseling and psychotherapy and medication are all relatively ineffective in relieving the symptoms of delusions[.] [Tr. 22.]
 Q. Isn't it true, Doctor, that you feel that he's ready to go to outpatient placement now?
 A. I think that the — yes, I think that that would be appropriate[.] [Tr. 30.]
A review of the testimony in its entirety shows that there was sufficient evidence before the magistrate for the probate court to find that appellant met the criteria of R.C. 5122.01. With regard to appellant's mental illness, Dr. Randall testified that: "Mr. Zukowski does have a persecutory mental disorder, delusional disorder." (Tr. 22.)
Concerning whether appellant's behavior creates a grave and imminent risk to substantial rights of others, Dr. Randall testified: "Mr. Zukowski has repeatedly acted on delusions and beliefs in a way that have resulted in the fear and intimidation of others, particularly the current residents of his house." (Tr. 22.) Dr. Randall further stated, "[i]n my opinion, if he were discharged from the hospital today, he would promptly resume the behavior which would be interfering with the rights of others." Id. When asked if there were a less restrictive alternative available for appellant, Dr. Randall testified, "[t]here's no place that I'm aware of" [Tr. 23] and "without close supervision and monitoring of his behavior I think his past problems will continue." (Tr. 27.) Although Dr. Randall opined that it might be best for appellant to leave the community, he stated appellant and his wife were not prepared to do that until they resolved numerous pending legal matters and federal court cases. (Tr. 26.)
With respect to whether appellant would benefit from treatment in a hospital, Dr. Randall noted that appellant is receiving antipsychotic medication, and while that did not alter appellant's delusional beliefs, the intensity of the emotional and psychological belief is lessened and would continue to be lessened if he maintains his medication. (Tr. 24.) However, appellant does not believe that he needs medication and, in all likelihood, will cease taking his medication if released. (Tr. 34.) Dr. Randall also noted that, in the hospital, appellant was benefiting from a supportive protective environment that was preventing him from acting on his delusional beliefs. (Tr. 29-30.)
In sum, and based on the totality of the record, we find there was competent, credible evidence to support a determination that the state proved by clear and convincing evidence that appellant met the criteria under R.C. 5122.01(B)(4) and, therefore, the sole assignment of error is not well-taken and is overruled. In so deciding, we find that appellant's motion for a stay pending appeal is rendered moot.
Based on the foregoing, appellant's assignment of error is overruled, appellant's motion for a stay is denied as moot, and the judgment of the Franklin County Probate Court is affirmed.
 ____________________ LAZARUS, J.
BRYANT, P.J., and BOWMAN, J., concur.